JAMES E. BRETT, RESPONDENT, *v.* GUSTAVUS A. BRETT AND OTHERS, APPELLANTS.

33h 547
64ad405

*Contempt of court, by the violation of an injunction — the expenses of the proceedings to punish the guilty party may be included in the fine—¶Code of Civil Procedure, sec. 2284.*

APPEAL from an order of the Special Term, overruling exceptions to a referee's report; confirming the report and imposing a fine for a violation of an injunction issued in this action.

This action was commenced to set aside an alleged fraudulent agreement touching the copartnership of the several parties to the action, and to obtain a dissolution of such copartnership and an accounting. An injunction order was obtained which restrained the defendants from intermeddling with the property of the firm. This order was subsequently continued. A receiver was appointed of all the property and effects of the firm. The issues of the action were afterwards tried at Special Term, and the plaintiff recovered judgment vacating the fraudulent agreement and establishing his alleged rights in the firm and its assets, and awarding an accounting and appointing a referee to take the same. This proceeding was commenced by the receiver, in the action, of the property and assets of the firm upon allegations that the defendants had wrongfully

violated the injunction by so meddling with the affairs and business of the firm as to prejudice the rights of the receiver. A referee was appointed to take proofs and report the same with his opinion whether the defendants had been guilty of the alleged violations of the injunction, and if so to what extent, and what injury to the receiver had resulted therefrom, and what punishment should be imposed for such violations, as for a contempt of court.

The referee found and reported that the receiver by reason of the violations of the injunction by the defendant had sustained, among other damages, damages in the form of expenses in this proceeding for counsel fees to the extent of at least $500, in addition to disbursements for referee's fees and stenographer's fees, on the reference, and that these should be paid by the defendant in addition to the liquidated damages ascertainable from the evidence.

The court at General Term, after holding that the other items of damages, found by the referee to have been occasioned by the violation of the injunction, were properly included in the fine, said: "The other principally litigated question is as to the award by the court of the sum incurred by the receiver, as expenses in prosecuting these proceedings, for his counsel or attorney's fees. The amount of that expense was proved before the referee, and by him found and reported to be the sum of five hundred dollars.

"The court on such proof and report adjudged that to be a part of the expenses of the receiver proper to be included in the fine imposed. This we think was correct. The five hundred dollars is not awarded as an 'additional allowance,' but as an actual and necessary expenditure. It is not claimed by the appellants' counsel, as we understand, that the sum is greater than was actually earned, or more than a reasonable compensation for services actually rendered. The objection is put altogether upon the ground that the Code does not permit, as the Court of Appeals have distinctly held, the granting of *additional allowances* in this kind of proceedings. Such an allowance would be, if granted in addition to the actual expenses. The court below attempted to do nothing of that kind.

"The Revised Statutes provided that a fine should be imposed in such cases 'sufficient to indemnify the injured party for the loss and injury produced by the misconduct, and sufficient to satisfy costs and expenses.'

. "Under this provision it was held that expenses actually incurred for counsel in such cases were properly included in the fine. (*People* v. *Compton,* 1 Duer, 512; S. C., on appeal, 5 Seld., 263; and see *Davis* v. *Sturtevant,* 4 Duer, 148; *Van Valkenburgh* v. *Doolittle,* 4 Abb. N. C., 72; *The People ex rel. Garbutt* v. *Railroad Co.,* 76 N. Y., 294.) The provision of the Code of Civil Procedure is to the same effect. (Code, § 2284.)

"These expenses steer quite clear of the section of the Code giving power in certain cases to make an additional allowance, and are therefore not obnoxious to the condemnation of the cases cited by the appellant's counsel, as we think." (See *People ex rel. Woolf* v. *Jacobs,* 5 Hun, 428; *Power* v. *Athens,* 19 id., 171; *People ex rel. Scudder* v. *Cooper,* 20 id., 488; *Sudlow* v. *Knox,* 7 Abb. [N. S.], 419, per GROVER, J.)

*Goodrich, Deady & Pratt,* for the appellants.

*L. Laflin Kellogg,* for the respondent.

Opinion by DAVIS, P. J.; DANIELS, J., concurred.

Present — DAVIS, P. J., and DANIELS, J.

Order affirmed, with ten dollars costs and disbursements.